UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAM SILVERBERG**,<br><br>    Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>    Defendants. | Civil Action No. 21-cv-2144 (TSC) |

## MEMORANDUM OPINION

Plaintiff Sam Silverberg owns property located at 6820 32nd Street N.W., Washington, District of Columbia 20015. Am. Compl. at 3, ECF No. 10. The District of Columbia recently determined that the property was vacant and reassessed Silverberg's annual property tax bill from $9,000 to $45,000. *Id.* at 3. He filed suit in this court under 42 U.S.C. § 1983, alleging that the District's assessment and tax increase constituted an unconstitutional taking under the 5th and 14th Amendments to the United States Constitution. *Id.* at 3. Defendants moved to dismiss, arguing that this court does not have the requisite subject-matter jurisdiction to hear this case and, in the alternative, that Silverberg has failed to state a claim for municipal liability as required by 42 U.S.C. § 1983. Mot. to Dismiss, ECF No. 12.

Federal courts are courts of limited jurisdiction; they may only hear cases within the limits "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus all litigants—including those proceeding *pro se*—have a burden to establish that the court has subject-matter jurisdiction in a particular matter. *See, e.g.*, *Bickford v. Gov't of United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) (citation omitted).

Congress has also limited this court's ability to hear challenges to the District of Columbia's tax assessments and has instead given that jurisdiction to the Superior Court of the District of Columbia. *District of Columbia Court Reform and Criminal Procedure Act of 1970*, Pub. L. No. 91-358, § 11-501, 84 Stat. 473, 477 (codified at D.C. Code. § 11-921(a)(3)(B) ("[T]he Superior court has jurisdiction of any civil action or other matter . . . [that] involves an appeal from or petition for review of any assessment of tax (or civil penalty thereon) made by the District of Columbia."). That jurisdiction is exclusive—all challenges must be brought in Superior Court. *Id.* at § 11-1202, 84 Stat. 473, 489 (codified at D.C. Code. § 11-202).

Silverberg argues that this does not apply to constitutional challenges. He is incorrect. In limiting this court's jurisdiction, "Congress unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over all challenges to District of Columbia taxes including those involving federal statutory or constitutional claims in lieu of (rather than concurrently with) jurisdiction in the federal courts." *Jenkins v. Washington Convention Ctr.*, 236 F.3d 6, 11 (D.C. Cir. 2001). That limitation includes constitutional takings claims. *See id.* at 9; *see also Johnson v. Dist. of Columbia*, No. 21-cv-2686, 2022 WL 4130843 at *3 (D.D.C. Sept. 12, 2022). Silverberg provides no compelling or related authority to rebut this claim.

Given the clear statutory and precedential requirement that Silverberg bring his case in Superior Court, this court will **GRANT** Defendants' Motion to Dismiss, ECF No. 12. The case will be closed.

Date: September 19, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge